UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEAH PETERS,

          Plaintiff,          Case No.:

    v.

OREN ALEXANDER,         (Removal from: Supreme Court of the State of New York, County of New York, Index No. 152167/2025)

          Defendant.

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Oren Alexander, by and through his attorneys, hereby removes this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, on the basis of diversity jurisdiction. In doing so, Defendant Oren Alexander appears solely for the purpose of removal, expressly reserving all available defenses and objections.

The removal is proper for the reasons stated below.

**I.    Background**

1. On February 18, 2025, Plaintiff Peters ("Plaintiff") filed civil action *Peters v. Alexander,* Index No. 152167/2025, (the "State Court Action"). A true and accurate copy of the electronic docket in the State Court Action, together with true and accurate copies of all documents filed in that Action, is annexed hereto as Exhibit A.

2. Plaintiff attempted to effectuate service by delivering a copy of the summons, complaint and other documents to the Metropolitan Detention Center, in Brooklyn, New York, on February 19, 2025, and mailing the same materials overnight to the Metropolitan Detention Center on February 20, 2025. *See* Declaration of Jason Goldman ("Goldman Decl.", attached

hereto as Exhibit B, ¶ 3).

3. The Complaint purports to asserts two causes of action – the first for Violation of New York City Victims of Gender-Motivated Violence Protection Act and the second for Sexual Battery.

4. The relief Plaintiff seeks includes compensatory damages, in an amount to be determined at trial, including emotional distress and psychological harm, humiliation, pain and suffering, and social disruption. Plaintiff also seeks punitive damages and costs of suit, including attorneys' fees, and award of prejudgment and post judgment interest, and to attach Defendants' real property another assets located in the State of New York.

5. This Notice of Removal is timely because it is filed within 30 days of service, in accordance with 28 U.S.C. § 1446(b).

**I.    Diversity Jurisdiction Under 28 U.S.C. § 1332**

1. This Court has jurisdiction over this matter because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).

**A. There is complete diversity between Plaintiff and Defendants in this action.**

1. Plaintiff alleges that she resided in California at the time of the alleged conduct. Compl. ¶ 3.

2. Defendant Oren Alexander is a resident and domiciliary of Florida, where he resides and has his permanent home. Declaration of Oren Alexander ("Oren Decl."), attached hereto as Exhibit C, at ¶ 2.

3. Therefore, there is complete diversity between Plaintiff and Defendants in this action.

**A.   The amount in controversy exceeds the sum or value of $75,000.**

1.      Under 28 U.S.C. § 1332(a)(1), federal courts have subject matter jurisdiction over citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

2.      On information and belief, Plaintiff is seeking an amount in excess of $75,000.

3.      While Defendant Oren Alexander denies any liability in response to Plaintiff's claims, he has a reasonable, good faith belief that the amount of controversy exceeds $75,000, exclusive of costs and interests. *See Dart Cherokee Basin Operating Co., LLC* v. *Owens,* 574 U.S. 81 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

## VENUE

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and (b) because the U.S. District Court for the Southern District of New York is the federal jurisdiction embracing the Supreme Court of the State of New York, County of New York, where the State Court Action was originally filed.

## CONCLUSION

5.      The action is removable, as there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds the jurisdictional threshold.

6.      Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with all Exhibits hereto, will be promptly filed with the Clerk of the Supreme Court of the State of New York, County of New York.

**WHEREFORE**, Defendant Oren Alexander requests that (a) the State Court Action be removed to this Court, and (b) this Court grant such other or further relief, and enter such orders, as may be deemed necessary or appropriate in conjunction therewith.

Dated: New York, NY
March 14, 2025

Respectfully submitted,

**THE LAW OFFICES OF JASON GOLDMAN**

By: ___/s/___ *Jason Goldman, Esq.*___
*Jason Goldman, Esq.*
*275 Madison Avenue, 35th Floor*
*New York, NY 10016*
*Tel: (212) 466-6617*
*jg@jasongoldmanlaw.com*

*Attorney for Defendant Oren Alexander*

TO:
Antigone Curis
CURIS LAW, PLLC
52 Duane Street, 7th Floor
New York, NY 10007
(646) 335-7220
antigone@curislaw.com

Andrew Van Arsdale
AVA LAW GROUP
3667 Voltaire Street, Ste. 101
San Diego, CA 92106

*Attorneys for Plaintiff*