# EXHIBIT A

<< Return to **Search Results**

## 152167/2025 - New York County Supreme Court

Short Caption: **LEAH PETERS v. OREN ALEXANDER**
Case Type: **Torts - Other (CPLR 213(c))**
Case Status: **Pre-RJI**
eFiling Status: **Partial Participation Recorded**

Print Document List

**Narrow By Options**



Sort By: Document #

| # | Document | Filed By | Status |
|---|---|---|---|
| 1 | SUMMONS + COMPLAINT *Corrected* | CURIS, ANTIGONE<br>Filed: 02/18/2025<br>*Received: 02/19/2025* | **Processed**<br>Confirmation Notice |
| 2 | AFFIRMATION/AFFIDAVIT OF SERVICE | CURIS, ANTIGONE<br>Filed: 03/11/2025<br>*Received: 03/11/2025* | **Processed**<br>Confirmation Notice |
| 3 | STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING | CURIS, ANTIGONE<br>Filed: 03/11/2025<br>*Received: 03/11/2025* | **Processed**<br>Confirmation Notice |

<< Return to **Search Results**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------------------X

**LEAH PETERS,**

                           *Plaintiff,*

      -against -

**OREN ALEXANDER,**

                           *Defendant.*
-----------------------------------------------------------------------X

Index No.:_____ /2025

**Plaintiffs designates NEW YORK COUNTY as place of trial.**

**The basis of venue is defendant's place of residence**

**SUMMONS**
**Plaintiff resides at 940 S Westchester Pl, Los Angeles CA 90019**

To the above-named defendants:

**YOU ARE HEREBY SUMMONED** to answer the complaint in
this action and to serve a copy of your answer or, if the complaint
is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within
20 days after the service of this summons, exclusive of the day of service (or within 30 days after
the service is complete if this summons is not personally delivered to you within the State of New
York) and in case your failure to appear or answer, judgement will be taken for the relief demanded
herein.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, NEW
YORK COUNTY ON _____ IN COMPLIANCE WITH CPLR §§305(a) AND 306(a).**

Dated:  February 18, 2025
New York, New York

                                          Respectfully submitted,

                                          **CURIS LAW, PLLC**

                                          **By: /s/*Antigone Curis***
                                          antigone@curislaw.com
                                          52 Duane Street, 7th Floor
                                          New York, New York 10007
                                          Phone: (646) 335-7220
                                          Facsimile: (315) 660-2610

                                          **AVA LAW GROUP**
                                          Andrew Van Arsdale
                                          andrew.vanarsdale@avalaw.com
                                          3667 Voltaire Street, Ste. 101
                                          San Diego, CA 92106

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------X

LEAH PETERS,

    *Plaintiff,*

v.

OREN ALEXANDER,

    *Defendant.*

-------------------------------------------------------X

**VERIFIED COMPLAINT**

No. _____

Plaintiff Leah Peters ("Plaintiff"), by and through her attorneys, Curis Law, PLLC, for her Complaint alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action to hold Defendant Oren Alexander accountable for his premeditated and egregious sexual assault against her in Miami, Florida. On March 28, 2018, Defendant manipulated and lured Plaintiff into his company under the pretense of a social gathering, only to sexually assault her in a private bedroom. Defendant used his wealth, power, and social influence to commit and conceal his violent crime, leaving Plaintiff suffering from lasting trauma and psychological distress.

2. Defendant's pattern of sexual coercion and assault is indicative of a larger predatory scheme in which he exploited vulnerable individuals for his own gratification. Plaintiff seeks justice, accountability, and the full measure of legal remedies available to survivors of sexual violence.

## PARTIES

3. Plaintiff is an adult female who was 20 years old at the time of the assault. She currently resides in California and brings this action to hold the Defendant accountable for their actions.

4. Defendant Oren Alexander, a resident of New York, engaged in predatory conduct and used their social status and financial power to lure, coerce, and assault women.

5. Currently, Defendant Oren Alexander is incarcerated at the Metropolitan Detention Center (MDC), 80 29th St, Brooklyn, NY 11232.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction pursuant to New York Civil Practice Law and Rules (CPLR) § 301 and § 302, as this action involves causes of action recognized under the laws of the State of New York.

7. This Court has personal jurisdiction over the Defendant pursuant to CPLR § 302(a) because the Defendant is domiciled in New York and/or regularly transacts business in New York State, including in New York City.

8. Venue is proper in this County pursuant to CPLR § 503 because it is the county in which the Defendant resides and is anticipated to reside when trial commences.

## JURY DEMAND

9. Plaintiff hereby demands a trial by jury on her claims in this action.

## FACTUAL ALLEGATIONS

10. Oren Alexander cultivated a pattern of leveraging his wealth, status, and high-profile social circles to manipulate and sexually exploit young women.

11.     He regularly sought out victims within exclusive social settings, promising luxury experiences to gain trust before subjecting them to sexual violence.

12.     In or about March of 2018, Plaintiff attended a party in Miami, Florida, at a luxurious home where she was invited by friends.

13.     During the event, Defendant Oren Alexander engaged Plaintiff in conversation, acting charming and hospitable.

14.     After some time, Defendant offered to give Plaintiff a private tour of the home. Plaintiff, under the impression that it was a harmless gesture, agreed to accompany him.

15.     During the tour, Defendant led Plaintiff to a secluded bedroom, claiming that he had swimwear she could borrow for the pool.

16.     Trusting his words, Plaintiff entered the room to change. As she was in the process of undressing, Defendant suddenly and aggressively threw her onto the bed.

17.     Plaintiff resisted, expressing shock and fear, but Defendant forcibly kissed her, ignoring her objections. He overpowered her, restraining her movements and removing her clothing against her will and proceeded to rape her.

18.     Following the assault, Defendant pulled Plaintiff into the shower, aggressively scrubbing her body.

19.     Plaintiff, still in a state of shock and fear, complied out of an instinct for self-preservation.

20.     Defendant then escorted her back to the party, acting as though nothing had happened.

21.     Upon rejoining the crowd, Plaintiff was approached by another individual, believed to be Defendant's brother, who made a degrading comment: "You're lucky my brother even

touched you." Humiliated and deeply shaken, Plaintiff sought out her friends and quickly left the gathering.

22. Plaintiff suppressed the trauma for years, struggling with intense shame, confusion, and emotional distress.

23. The assault severely impacted her ability to trust others and form healthy relationships. She continues to experience PTSD, recurring nightmares, and severe anxiety in social settings.

**FIRST CAUSE OF ACTION**
**(Sexual Battery)**

24. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if hereinafter set forth at length.

25. Defendant's conduct as described above constitutes a sexual battery in that the contact was intentional, harmful, and offensive. Moreover, Plaintiff did not consent to the harmful and offensive contact.

26. By forcing sexual contact onto Plaintiff, Defendant committed acts constituting rape and oral sexual conduct, falling within the scope of CPLR §213-c, which provides a 20-year statute of limitations for civil claims arising from such conduct.

27. CPLR § 213-c states: "Notwithstanding any other limitation set forth in this article, an action to recover damages for physical, psychological, or other injury or condition suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law committed against such plaintiff . . . may be commenced within twenty years."

28. As a direct and proximate result of the aforementioned batteries, Plaintiff has sustained in the past, and will continue to sustain in the future, psychological injury, pain and

suffering, serious severe psychological and emotional distress, mental anguish, embarrassment, and humiliation.

29. By reason of the foregoing, Plaintiff is entitled to compensatory damages from the Defendant in such sums a jury would find fair, just, and adequate.

30. By reason of the foregoing, Plaintiff is entitled to punitive damages from defendant in such sums as a jury would find fair, just and adequate to deter said defendant and others from future similar misconduct.

31. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

32. This action falls within exceptions to Article 16 of the C.P.L.R.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant as follows:

  a. Awarding compensatory damages for all physical injuries, emotional distress, psychological harm, anxiety, humiliation, physical and emotional pain and suffering, family and social disruption, and other harm, in an amount to be determined at trial;

  b. Awarding punitive damages in an amount to be determined at trial;

  c. Awarding attorneys' fees and costs pursuant to any applicable statute or law;

  d. Awarding pre- and post-judgment interest on all such damages, fees, and/or costs;

  e. Attaching any and all of Defendant's real property and other assets located in the State of New York pursuant to Federal Rule of Civil Procedure 64; and

FILED: NEW YORK COUNTY CLERK 02/18/2025 05:21 AM                                INDEX NO. 152167/2025
NYSCEF DOC. NO. 1                                                        RECEIVED NYSCEF: 02/19/2025

f.  Awarding such other and further relief as this Court may deem just and proper.

Dated: New York, New York
February 18, 2025

Respectfully submitted,

**CURIS LAW, PLLC**

By: _____

Antigone Curis, Esq.
Attorney for Plaintiff
52 Duane Street, 7th Floor.
New York, New York 10007
Phone: (646) 335-7220
Facsimile: (315) 660-2610

**AVA LAW GROUP**
Andrew Van Arsdale
andrew.vanarsdale@avalaw.com
3667 Voltaire Street, Ste. 101
San Diego, CA 92106
Telephone: (800) 777-4141

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
LEAH PETERS,

                                             *Plaintiff*,

       -against-

**ORen ALEXANDER,**

                                   *Defendant.*
-------------------------------------------------------------------X

**Index No.:**

**ATTORNEY**
**VERIFICATION**

       ANTIGONE CURIS, an attorney duly admitted to practice in the Courts of New York State, and a member of the firm CURIS LAW, PLLC., attorneys for the Plaintiffs in the within action, hereby affirms under penalty of perjury:

       That she has read the within complaint and knows the contents thereof, and that the same is true to her own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes it to be true.

       That the sources of her information and knowledge are investigations and records in the file.

       That the reason this verification is made by affirmant and not by the Plaintiff is that the Plaintiff is not within the County where the attorney has her office.

Dated: New York, New York
          February 17, 2025

                                          /s/ *Antigone Curis*
                                              ANTIGONE CURIS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LEAH PETERS
Plaintiff(s),

vs.

OREN ALEXANDER
Defendant(s).

ATTORNEY: CURIS LAW, PLLC

INDEX NUMBER: 152167/2025

DATE OF FILING: 02/18/2025

## AFFIDAVIT OF SERVICE

STATE OF New York: COUNTY OF NEW YORK   ss:

I, Mykhailo Barabash, being duly sworn deposes and says deponent is not a party to this action and is over the age of eighteen years and resides in the state of New York.

That on **03/03/2025** at **10:46 AM** at **345 Adams Street, 5th Floor, BROOKLYN, NY 11201**, Deponent served the **Summons and Verified Complaint bearing Index Number and Date of Filing, Notice of Electronic Filing** upon **OREN ALEXANDER, INMATE # 52667-511, c/o Kings County Sheriff's Office**, defendant/respondent/recipient herein.

Said service was effected in the following manner;

By delivering to and leaving a true copy to **Officer Matos** personally for **OREN ALEXANDER, INMATE # 52667-511, c/o Kings County Sheriff's Office**.

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows: Sex: **Male**  Skin: **White**  Hair: **Black**  Age (Approx): **28**  Height(Approx): **5'10"**  Weight(Approx): **190-200 lbs**  Glasses: **No**  Other:

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sworn to before me this
March_____5_____ 2025

ALEXANDER JAMES
NOTARY PUBLIC, STATE OF NEW YORK
REGISTRATION NO. 01JA6029931
QUALIFIED IN NASSAU COUNTY
COMMISSION EXPIRES AUGUST 30, 2025

Mykhailo Barabash
License No. 2123913

Executive Attorney Service, Inc. 100 Crossways Park Dr W, Ste 402, Woodbury, NY 11797 5162261073 Lic# 1422060
Case No: 1720439

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ___NEW YORK___

## STATEMENT OF AUTHORIZATION FOR ELECTRONIC FILING
**(Managing Attorney Authorizing Individual Filing Agent)**

I, ___Antigone Curis___, Esq., ( Attorney Registration No. ___ ) am the managing attorney of/attorney in charge of e-filing for ___Curis Law, PLLC___ (the "Firm"). I hereby acknowledge and represent that the attorneys in the Firm who are authorized users of the NYSCEF system hereby authorize ___Executive Attorney Service___ ("the filing agent") to utilize his/her NYSCEF filing agent ID to file documents on their behalf and at their direction in any e-filed matter in which they are counsel of record through NYSCEF, as provided in Section 202.5-b of the Uniform Rules for the Trial Courts.

This authorization extends to any consensual matter in which these attorneys have previously consented to e-filing or may hereafter consent, to any mandatory matter in which they have recorded their representation, and to any matter in which they authorize the filing agent to record consent or representation in the NYSCEF system.

This authorization extends to any and all documents these attorneys generate and submit to the filing agent for filing in any such matter. This authorization, posted once on the NYSCEF website as to each matter in which these attorneys are counsel of record, shall be deemed to accompany any document in that matter filed by the filing agent on behalf of these attorneys.

This authorization also extends to matters of payment, which the filing agent may make either by debiting an account the filing agent maintains with the County Clerk of any authorized e-filing county or by debiting an account the Firm maintains with the County Clerk of any authorized e-filing county.

This authorization regarding this filing agent shall continue until the Firm revokes the authorization in writing on a prescribed form delivered to the E-Filing Resource Center.

Dated: ___2/2/21___

| | |
|---|---|
| ___Antigone Curis___ | ___New York, NY 10007___ |
| Signature | City, State and Zip Code |
| ___Antigone Curis___ | ___(646) 335-7220___ |
| Print Name | Phone |

| Curis Law, PLLC | antigone@curislaw.com |
|---|---|
| Firm/Department | E-Mail Address |

| 52 Duane Street |
|---|
| Street Address |

(6/6/13)